[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue presented by the plaintiff's motion for judgment and reimbursement is whether she is now entitled to an actual cash refund after a successful tax appeal, or whether the defendant City of Stamford was entitled to credit the refund to the next installment of property tax that was due and unpaid.
On August 26, 1985 this court, Freedman, J., determined that the fair market value of the subject premises was $315,984, and therefore that the assessed value on the grand list of October 1, 1981, at 70% thereof, should be $221,190, representing a reduction of assessment of $29,990. CT Page 4643
The City claims that the plaintiff did not pay the second installment of the tax on the list of October 1, 1984, which was due in January 1986, and that the amount of refund that was due as a result of the court's decision was applied to that tax, which left a balance due of $357.27, which was subsequently paid by the plaintiff.
Plaintiff points to General Statutes 12-118, which indicates that if an appeal from a municipal board of tax review is successful, the taxpayer is entitled to a refund, plus interest and costs. ("If the assessment . . . is reduced . . . the applicant shall be reimbursed . . . for any overpayment of taxes, together with interest and costs, or, at the applicant's option, shall be granted a tax credit . . . "). The defendant in this case did not follow the statute but rather unilaterally applied the refund including interest as a credit. This apparently was occasioned at least in part by an inability of the parties to agree on the exact amount of interest that was due. This dispute was later brought to the attention of Judge Freedman who, in June of 1986, indicated that a judgment file should be prepared carrying out his decision, but he did not address the issue of refund versus credit.
It seems that if the plaintiff had paid the tax due in January of 1986, which had already been recalculated by the assessor in accordance with Judge Freedman's decision, she would have been entitled to a credit for all the previous overpayments starting with the list of October 1, 1981, plus interest, in accordance with General Statutes 12-118. However, by not paying the tax due in January 1986 the plaintiff in effect accepted the defendant's crediting of the refund otherwise due, and therefore is not now in a position to claim the refund.
Accordingly, I find that the plaintiff's claim for reimbursement is not proper and is therefore denied. Judgment may enter reducing the assessment on the property in question in accordance with Judge Freedman's decision. Plaintiff is entitled to costs in the amount of $301.00.
WILLIAM B. LEWIS, Judge CT Page 4644